**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5079**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

PEDRO LOPEZ-AGILAR,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:05-cr-00211-8)

Submitted:  March 9, 2009            Decided:  April 1, 2009

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Lopez-Agilar ("Agilar") appeals his convictions following a jury trial for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006), and 21 U.S.C.A. §§ 841(b)(1)(A), (b)(1)(B), (b)(1)(C), (b)(1)(D) (West 1999 & Supp. 2008); and possession with intent to distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B), 18 U.S.C. § 2 (2006). Agilar contends the evidence was insufficient to support the jury's verdicts. We affirm.

We review de novo a district court's denial of a motion, made pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In conducting such a review, we are obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). This court has "defined substantial evidence as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation and citation omitted); see Burgos, 94 F.3d at 862.

2

With respect to both his convictions, Agilar argues the evidence was insufficient because it established only that he drove a car to the site of a drug transaction; there was no evidence that Agilar handled any drugs; government buy-money was recovered only from the other occupant of the car; and there was no evidence Agilar was a party to recorded cell phone conversations arranging the drug transaction. Our review of the record leads us to conclude that the evidence was nevertheless sufficient to convict Agilar of both conspiracy and aiding and abetting the possession with intent to distribute methamphetamine.

The trial testimony disclosed that Agilar conspired to distribute methamphetamine, and that he also aided and abetted possession with intent to distribute methamphetamine on May 20, 2005. The cell phone used to arrange the purchase of a pound of methamphetamine was recovered in the car Agilar drove to the location where the drugs were sold to a confidential informant. Recorded conversations from that cell phone, Agilar's arrival just prior to the transaction, and the recovery of government buy-money in the amount of the price quoted by the drug supplier constitute sufficient evidence of Agilar's participation in a conspiracy to distribute methamphetamine. Testimony that it was not Agilar's passenger's voice on the recorded calls further supports the jury's conclusion. Although the video surveillance

3

did not show Agilar physically handling the drugs, the circumstantial evidence supports the jury's determination that Agilar and his passenger supplied the drugs sold to the confidential informant.

Accordingly, we affirm Agilar's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4